## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SHANDALE C. WATKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 21-cv-03547** |
| **v.** | ) | |
| | ) | **Judge Rebecca R. Pallmeyer** |
| | ) | **Magistrate Judge Sheila M. Finnegan** |
| **BNSF RAILWAY COMPANY, a** | ) | |
| **Delaware Corporation, Brandon** | ) | |
| **Mulberry, Individually & in his Official** | ) | |
| **Capacity as Chief Mechanical Officer of** | ) | |
| **Chicago Div., Michael Haynes,** | ) | |
| **Individually and in his Official Capacity** | ) | |
| **as GM, Kevin Bartee, Individually and in** | ) | |
| **his Official Capacity as Asst. GM, and** | ) | |
| **Anna Hosmer, Individually and in her** | ) | |
| **Official Capacity as Developer,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S RESPONSE TO
## 12(b)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT
## OF DEFENDANTS BNSF RAILWAY CO., MICHAEL HAYNES, AND KEVIN BARTEE

Plaintiff, SHANDALE C. WATKINS (hereinafter "Watkins" or "Plaintiff"), by and through his attorney Calvita J. Frederick, hereby files this Response to 12(b)(6) Motion to Dismiss filed by Defendants, BNSF ("BNSF"), Michael Haynes ("Haynes"), and Kevin Bartee ("Bartee") (collectively "Defendants"). In support thereof, Plaintiff states as follows:

### I.  Legal Standard

When considering a Rule 12(b)(6) motion all the plaintiff's allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). The complaint must entail allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible

when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The plaintiff is not required to plead particularized facts, but the allegations must be more than speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitation of the elements of a cause of action are insufficient. *Id.* at 555.

## II.   Plaintiff's Claims are Not Time Barred because the Civil Action has been Brought within the Applicable Limitations Period after filing EEOC charges

The Notice of Right to Sue was issued on March 30, 2021. *See* Exhibit 1-2 attached to the Complaint. Defendants' argument based on the statutes of limitation does not apply to Plaintiff's claim of harassment, retaliation, and hostile work environment.

A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Kyles v. Staff Management*, No. 01 C 8697, 2002 U.S. Dist. LEXIS 18853, at *2 (N.D. Ill. July 30, 2002). The limitations period is subject to waiver, estoppel, and equitable tolling. *Id.* "The provision specifying the time for filing charges with the EEOC appears as an entirely separate provision, and it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Zipes* v. TWA, 455 U.S. 385, 394 (1982).  Meaning, the district court is not limited to only taking cases where there has been EEOC filings. "Claims about ***discrete employment actions***, such as failure to promote, must be made within 300 days under Title VII." *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014) (emphasis added).

Distinguishing "discrete discrimination act" from harassment, retaliation, and hostile work environment claims for the purposes of statute of limitations, the Seventh Circuit explained:

> In [*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)], the Supreme Court explained that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" for purposes of the limitations period for filing EEOC charges. 536 U.S. at 114. The Court held that "[e]ach discrete discriminatory act

starts a new clock for filing charges alleging that act." *Id*. at 113. Further, and importantly here, "[d]iscrete acts such as termination, *failure to promote*, denial of transfer, or refusal to hire are easy to identify." *Id*. at 114 (emphasis added). The Court distinguished claims involving discrete acts of discrimination from claims alleging a hostile work environment: "Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." *Id*. at 115. Thus, a hostile-work-environment charge is timely as long as "*any* act falls within the statutory time period," even if the charge encompasses events occurring prior to the statutory time period. *Id*. at 120 (emphasis added).

*Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014). ADEA claims are subject to analogous limitations period as claims under Title VII. *See Elder v. Cisneros, No.* 94 C 0597, 1995 U.S. Dist. LEXIS 2783, at *5 (N.D. Ill. Mar. 7, 1995).

Here, Plaintiff timely filed this civil action after receiving the EEOC notice. The limitations period otherwise does not apply to Plaintiff's hostile work environment claim. Further, Defendants argue that race-based violation claims under 42 U.S.C. §1981 claim should be barred because Plaintiff had not included these allegations in filing charges with the EEOC. This argument is legally incorrect and fails to support dismissal. A plaintiff is not required to file an EEOC charge before bring suit under 42 U.S.C. § 1981. *See Bardney v. Chicago Housing Authority*, No. 11 C 8628, 2013 U.S. Dist. LEXIS 43975, at *10 (N.D. Ill. Mar. 28, 2013) (citing *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007).

Further, at this stage of litigation, all allegations in the Complaint are to be taken as true. Even if this Court could not clearly determine which part of Plaintiff's claims are untimely, the allegations support that some of the conduct took place within the proper limitations period. As such, the Complaint should not be dismissed on statutes of limitation grounds. *See Id.*

## III. Hostile Work Environment

A hostile work environment claim arises when the workplace is "permeated with discriminatory ridicule, intimidation, and insult that is sufficiently severe or pervasive to alter the

conditions of the victim's employment and create an abusive working environment." *See Nelson v. Idleburg*, No. 18 CV 2839, 2020 U.S. Dist. LEXIS 74985, at *28 (N.D. Ill. Apr. 29, 2020) (citing *Boss v. Castro*, 816 F.3d 910, 920 (7th Cir. 2016)). The requisite elements are: "(1) the work environment was both objectively and subjectively offensive; (2) the harassment was based on membership in a protected class; (3) the conduct was severe or pervasive; and (4) there is a basis for employer liability." *Id.* The entire context of the workplace must be considered. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 544 (7th Cir. 2011).

Once again, Plaintiff is not required to meet his burden of proof at this stage of the proceedings. Defendants failed to acknowledge this nature of a motion to dismiss. Whether or not each element has been satisfied is not the question for the Court to answer at this point, but whether Plaintiff's allegations are plausible on their face as to a hostile work environment claim. They are.

The facts supporting Plaintiff's hostile work environment claim are elaborated in Paragraphs 60 through 112 of the Complaint. The first element has been sufficiently pleaded by allegations concerning (1) excessive and repeated discipline actions, including ongoing investigations, against Plaintiff for minor infractions as well as accident caused by another employees, (2) disclosure of disciplinary action to Plaintiff's co-workers, (3) repeated reckless conduct by Plaintiff's direct mentor affecting Plaintiff's performance and safety, (4) Plaintiff has the experience to train other employees yet has not been promoted over 7 years, and (5) the mis-handling of a criminal assault Plaintiff suffered at the hands of his co-worker. All of these conduct, subjecting Plaintiff to dangerous and unhealthy work environment and adverse employment action (discipline, investigations, additional work duties), are ongoing against Plaintiff. Other similarly situated employees have not been subject to the same treatment.

The second has been sufficiently pled because Plaintiff consistently stated that his race and age as the basis of Defendants' adverse employment action against Plaintiff. Defendants' conduct is severe and pervasive because it is ongoing for many years, Plaintiff's health and safety is at risk because of Defendants' conduct, also satisfying the fourth element of liability. No action has been taken by any Defendant to remedy Plaintiff's complaints.

None of these allegations are speculative. To the contrary, on the face of the Complaint, Plaintiff has provided "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Dismissal is not warranted and Defendants' Motion to Dismiss should be denied.

## IV. Discriminatory Pattern or Practice

> **Pattern**-or-**practice** claims represent a separate theory of intentional discrimination...[W]hile pattern-or-practice claims may not necessarily be "based on the cumulative effect of individual acts, their very nature, like hostile work environment claims, does involve repeated conduct. That is, such claims require a showing that an employer regularly and purposefully discriminates against a protected group. Plaintiff must prove that discrimination was the company's standard operating procedure—the regular rather than the unusual practice.

*Murdock-Alexander v. Tempsnow Employment & Placement Services, LLC*, No. 16-cv-5182, 2016 U.S. Dist. LEXIS 160616, at *32-33 (N.D. Ill. Nov. 21, 2016).

Plaintiff believes that discriminatory conduct similar to that he suffered was experienced by Dexter Coleman and Boris Seawood and will amend the complaint to add allegations once the salient facts have been discovered.

## V. Retaliation claims against Individuals Are Proper under § 1981

Plaintiff does not dispute that individual liability is foreclosed under Title VII and the ADEA. It is §1981 that provides the mechanism for Plaintiff's retaliation claim to stand.

Relying on the Judge Hamilton's discussion in *Smith v. Bray*, 681 F.3d 888, 895-96 (7th Cir. 2012), the court in *Neal* explained:

> Unlike a Title VII claim, a § 1981 claim may be brought against individual defendants. Section 1981 is a versatile vehicle. Here are some relevant ways that it may be applied: As the Seventh Circuit has explained, in this circuit, 'cat's paw' liability may be imposed on an employer where the plaintiff can show that an employee with discriminatory animus provided factual information or other input that may have affected the adverse employment action. [W]ith § 1981, individual liability . . . is appropriate where the individual defendant caused or participated in a constitutional deprivation. And the final link in the chain of liability: It logically follows that an individual can be liable under § 1981 for retaliatory conduct that would expose her employer to liability under Title VII or § 1981. It also makes sense as a matter of basic fairness: why should the hapless cat (or at least his employer) get burned but not the malicious monkey? The cat's paw theory can support individual liability under § 1981 for a subordinate employee who intentionally causes a decision-maker to take adverse action against another employee in retaliation for statutorily protected activity.

*Neal v. AccuGear, Inc.*, No. 1:14-cv-00395-PPS-SLC, 2015 U.S. Dist. LEXIS 98771, at *7-8 (N.D. Ind. July 29, 2015) (quotation marks, citations omitted). Similar to *Neal*, Haynes and Bartee took active supervisory roles and directly contributed to Plaintiff's disciplinary measures for unwarranted reasons, including pressuring Plaintiff to take a drug test during hospitalization. *See e.g.*, Compl. ¶¶ 64, 81-82, 86-87. As such, dismissal of Plaintiff's retaliation claims against these individuals would be inappropriate.

## VI. Preemption by FELA or IHRA

Courts look to the source of legal duty in determining preemption:

> The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached; that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it.

*Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006). In *Tate v. Wirtz Beverage Ill., LLC*, the court relied on *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951, (N.D.Ill. 2002) to reject preemption on independent tort claims, including negligent retention, training, and supervision. Specifically:

> Each of Arnold's tort claims is grounded in legal duties independent of the IHRA. Most fundamentally, the duty not to intentionally and knowingly inflict severe emotional distress derives from common law, not statutory law. That extreme and offensive conduct might also constitute sexual harassment or disability discrimination under state or federal civil rights laws does not affect the viability of a tort claim for intentional infliction of emotional distress.
>
> Neither are the negligent retention, training, and supervision claims preempted. Employers have a duty not to retain employees where it is reasonably foreseeable that doing so will lead to a particular type of harm to a third person. So too employers sometimes have a duty to protect their employees from an imminent danger of serious harm. Arnold's theory is that defendants knew or should have known that supervisors and employees had inflicted severe emotional distress on her and were likely to continue doing so. Retaining such employees and failing to train or supervise them may have amounted to actionable negligence quite apart from any duties created by the IHRA.

*Tate v. Wirtz Beverage Ill., LLC*, No. 15-cv-827-DRH-DGW, at *6-7 (S.D. Ill. June 9, 2016); (citing *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951, (N.D.Ill. 2002)). Similar to *Tates*, to the extent that Plaintiff seeks to hold Defendants liable for negligently supervision, preemption under IHRA does not apply.

FELA's preemptive scope also does not reach Plaintiff's claims of negligent supervision. "The Seventh Circuit has observed that "the line between a tort suit under the FELA and a tort suit under state law is not in practice a sharp one," with a few exceptions." *Harris-Scaggs v. Soo Line Railroad*, 2 F. Supp. 2d 1179, 1184 (E.D. Wis. 1998) (citing *Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807, 813-14 (7th Cir. 1985)). "[A]s a matter of statutory construction, the FELA hardly compels the conclusion that Congress meant to displace all relevant state law.

Rather, [...] FELA incorporates common-law rules by design." *Harris-Scaggs*, 2 F. Supp. 2d at 1184. FELA preempts state law within its domain. *Id.*; *Lancaster,* 773 F.2d at 812.

Similar to *Tate*, Defendant cited to *New York Cent. R.R. Co. v. Winfield,* 244 U.S. 147 (1917). However, *Winfield* specifically concerned compensation for physical injury suffered by a railroad worker <u>not</u> attributable to employer's negligence. *Id.* at 147-48. There is nothing in the statutory scheme that suggests that FELA ""occupies the field" to such an extent that non-actionable FELA claims cannot be pursued as state law torts." *Harris-Scaggs*, 2 F. Supp. 2d at 1185.

Defendant cited to no authorities to support its position that Plaintiff's claim for negligent supervision would interfere with FELA compliance. As such, there can be no preemption on FELA ground.

**VII.    Conclusion**

First, Plaintiff's claims are not time-barred because the limitations period does not apply to Plaintiff's hostile work environment claims and dismissal on statute of limitations grounds is not proper.  Second, Plaintiff has sufficiently plead his hostile work environment claim under *Igbad*. Third, individual liability for retaliation is appropriate under 42 U.S.C. § 1981. Fourth, preemption under both FELA and IHRA is inapplicable.

WHEREFORE, Plaintiff, SHANDALE C. WATKINS, respectfully request that this Court deny Defendants' Motion to Dismiss on all counts.

Respectfully submitted,

SHANDALE C. WATKINS

By      s/ Calvita J. Frederick
       Attorney for Plaintiff

Calvita J. Frederick
Post Office Box 802976
Chicago, Illinois 60680-2976
312-421-5544
ARDC # 6184001
Calvita.frederick@att.net

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I caused a copy of the foregoing **Plaintiff's Response to Motion to Dismiss the First Amended Complaint** to be filed electronically with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record via email.

By:＿＿＿ /s/Calvita J. Frederick＿

9